**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY **1 8** 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

BIANCA FLETCHER

                                            PLAINTIFF

VS.

                CASE NO. **4:20-CV-521-LPR**

             This case assigned to District Judge _Rudofsky_
             and to Magistrate Judge _Ray_

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK; and
JOHN DOES 1-2                               DEFENDANTS

## NOTICE OF REMOVAL

COME Defendants, NITV Federal Services, LLC, Charles Humble, and Gene Shook, and for their Notice of Removal of this action from the Circuit Court of Jefferson County, Arkansas, to United States District Court for the Eastern District of Arkansas, Central Division, state:

1.      This action was commenced on March 31, 2020, when Plaintiff filed her Complaint for Damages in the Circuit Court of Jefferson County, Arkansas.

2.      This action is pending in Jefferson County Circuit Court Case No. 35CV-20-298 captioned *Biance Fletcher v. NITV, LLC; NITV Federal Services, LLC; Charles Humble, Gene Shook; and John Does 1-2.*

3.      Plaintiff purportedly served NITV Federal Services, LLC, Charles Humble, and Gene Shook with a Summons and Complaint for Damages on or about April 22, 2020.

4.      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants file this Notice of Removal of the state court civil action that is described below, based on diversity jurisdiction. 28 U.S.C. § 1332.

5.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) having been filed within thirty (30) days of Defendants' receipt of Summons and Complaint for Damages.

6.      A copy of the Notice of Removal is being filed with the Circuit Court of Jefferson County in the underlying matter and a copy of the Notice of Removal is attached hereto as Exhibit A.

7.      Copies of all pleadings and process filed in this action with the Jefferson County Circuit Court are attached hereto as Exhibit B.

8.      In her Complaint, Plaintiff asserts an amount in controversy that exceeds $75,000, exclusive of interest and costs.

9.      Plaintiff is a citizen and resident of the State of Arkansas.

10.     Defendant NITV Federal Services, LLC is a Florida limited liability company and, therefore, a citizen of that state.

11.     Defendant Charles Humble is a citizen and a resident of the state of Florida.

12.     Defendant Gene Shook is a citizen and a resident of the state of South Carolina.

13.     Defendant NITV, LLC is a Florida limited liability company and, therefore, a citizen of that state.

14.     There is complete diversity of citizenship between Plaintiff and Defendants. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332.

15.     This Court is the appropriate Court for removal of this action under 28 U.S.C. § 1446(a).

16.     The United Stated District Court for the Eastern District of Arkansas, Central Division, embraces Jefferson County, the county in which the state court action is now pending. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

17.     All defendants consent to removal, and Defendants are authorized to state that NITV, LLC consents to removal.

18.     Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

19.     All procedural requisites for removal have been met.  Accordingly, removal to the United States District Court under 28 U.S.C. § 1441 is proper and effective hereby.

Therefore, Defendants, NITV Federal Services, LLC, Charles Humble, and Gene Shook give notice of removal of this action to the United States District Court and respectfully request that this Court grant them all just and proper relief.

Respectfully submitted,

**BARBER LAW FIRM PLLC**
Attorneys for NITV Federal Services, LLC
Charles Humble and Gene Shook
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
(501) 372-A175/(501) 375-2802 (Fax)

By: _____
James D. Robertson    AR BIN  95181
jrobertson@barberlawfirm.com
Adam D. Franks        AR BIN 2016124
afranks@barberlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby state that on this __14__ day of May, 2020, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following or otherwise be forwarded via email to all counsel of record herein.

Lucien R. Gillham
SUTTER & GILLHAM, P.L.L.C.
P. O. Box 2012
Benton, AR  72018
Lucien.gillham@gmail.com

Adam D. Franks        AR BIN 2016124

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISIONS

BIANCA FLETCHER                                                          PLAINTIFF

VS.

CASE NO. 35CV-20-298

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK; and
JOHN DOES 1-2                                                           DEFENDANTS

### NOTICE OF REMOVAL

COME Defendants, NITV Federal Services, LLC, Charles Humble, and Gene Shook, and

for their Notice of Removal of this action from the Circuit Court of Jefferson County, Arkansas,

to United States District Court for the Eastern District of Arkansas, Central Division, state:

1.      This action was commenced on March 31, 2020, when Plaintiff filed her

Complaint for Damages in the Circuit Court of Jefferson County, Arkansas.

2.      This action is pending in Jefferson County Circuit Court Case No. 35CV-20-298

captioned *Biance Fletcher v. NITV, LLC; NITV Federal Services, LLC; Charles Humble, Gene Shook; and*

*John Does 1-2.*

3.      Plaintiff purportedly served NITV Federal Services, LLC, Charles Humble, and

Gene Shook with a Summons and Complaint for Damages on or about April 22, 2020.

4.      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants file this Notice of

Removal of the state court civil action that is described below, based on diversity jurisdiction. 28

U.S.C. § 1332.

5.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) having been filed

within thirty (30) days of Defendants' receipt of Summons and Complaint for Damages.

# EXHIBIT A

6.      Plaintiff is a citizen and resident of the State of Arkansas.

7.      Defendant NITV Federal Services, LLC is a Florida limited liability company and, therefore, a citizen of that state.

8.      Defendant Charles Humble is a citizen and a resident of the state of Florida.

9.      Defendant Gene Shook is a citizen and a resident of the state of South Carolina.

10.     Defendant NITV, LLC is a Florida limited liability company and, therefore, a citizen of that state.

11.     There is complete diversity of citizenship between Plaintiff and Defendants.

12.     The amount in controversy exceeds $75,000 exclusive of interest and costs.

13.     The United States District Court for the Eastern District of Arkansas, Central Division, is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

14.     All defendants consent to removal, and Defendants are authorized to state that NITV, LLC consents to removal.

15.     Copies of all pleadings filed and served to date in the Circuit Court of Jefferson County, Arkansas, are attached to this Notice of Removal.

16.     All procedural requisites for removal have been met.  Accordingly, removal to the United States District Court under 28 U.S.C. § 1441 is proper and effective hereby.

Therefore, Defendants, NITV Federal Services, LLC, Charles Humble, and Gene Shook give notice of removal of this action to the United States District Court and respectfully request that this Court grant them all just and proper relief.

Respectfully submitted,

**BARBER LAW FIRM PLLC**
Attorneys for NITV Federal Services, LLC
Charles Humble and Gene Shook
425 W. Capitol Avenue, Suite 3400
Little Rock, AR 72201
(501) 372-6175/(501) 375-2802 (Fax)

By: /s/ Adam D. Franks
      James D. Robertson   AR BIN 95181
      jrobertson@barberlawfirm.com
      Adam D. Franks    AR BIN 2016124
      afranks@barberlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on this, the ____ day of May, 2020, using eFlex, the Arkansas Judiciary electronic filing system, with the Clerk of Court of Pulaski County Circuit Court, who shall send notification of such filing to the below counsel and, therefore, a true and correct copy of the foregoing will be served upon counsel of record:

Lucien R. Gillham
SUTTER & GILLHAM, P.L.L.C.
P. O. Box 2012
Benton, AR 72018
Lucien.gillham@gmail.com

          /s/ Adam D. Franks
          Adam D. Franks    AR BIN 2016124

3

ELECTRONICALLY FILED
Jefferson County Circuit Court
Lafayette L. Woods, Circuit Clerk
2020-Mar-31 16:56:26
35CV-20-298
C11WD02 : 6 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

**BIANCA FLETCHER**                                                    **PLAINTIFF**

    **VS.**        **CASE NO. _____**

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; GENE SHOOK;**
**AND JOHN DOES 1-2**                                                  **DEFENDANTS**

### COMPLAINT

    **COMES NOW**, Plaintiff, **BIANCA FLETCHER,** by and through counsel, **SUTTER &**

**GILLHAM, P.L.L.C.**; and, for this Complaint, she states:

    1.    Plaintiff is a citizen and resident of Jefferson County, Arkansas.

    2.    Defendant, NITV, LLC, is a limited liability company with a principal address of

9999 Collins Ave., 12-A, Bal Harbour, Florida, 33514, operating in an industry substantially

impacting interstate commerce, whose registered agent is Charles Humble, at the same address.

Defendant, NITV Federal Services, LLC, is a limited liability company, whose principal address is

11400 Fortune Cir., W. Palm Beach, FL 33414, operating in an industry substantially impacting

interstate commerce whose agent for service is Charles Humble, at 11400 Fortune Cir., W. Palm

Beach, FL 33414.  Charles Humble is the inventor of the VSA; and, is one of the directors of NITV,

LLC, and NITV Federal Services, LLC.  They are collectively referred to as NITV.  Gene Shook is

a citizen and resident of another state, who works for the NITV, training people on how to do VSA

exams and consulting on cold readings of examinations that have been taken.  John Does 1 and 2

are businesses selling or facilitating the sale of voice stress analyzers to the State of Arkansas (NITV

Defendants).

# EXHIBIT B

3.      The claims in this case are for libel, slander, false light, illegal exaction, negligence, and products liability, in an amount exceeding that required for diversity jurisdiction.

## GENERAL FACTS

4.      Plaintiff worked for the Arkansas Department of Corrections (ADC), starting in 2016.

5.      Plaintiff was terminated on May 16, 2019, at which time she was a Correctional Officer II.

6.      Plaintiff had come to work, and an Adani body scanning device, known to be faulty, purported to detect contraband on Plaintiff's person.

7.      Plaintiff did not have contraband on her person.

8.      From the point of the purported detection of contraband, Plaintiff was at all times accompanied or watched by ADC personnel until such time as she was strip searched.

9.      For most of the time, up until she was strip searched, Plaintiff was videoed.

10.     No person ever saw Plaintiff, Fletcher, get rid of or hand off any contraband.

11.     No recording device ever showed her getting rid or handing off any contraband.

12.     When Plaintiff was strip searched, no contraband was found.

13.     This was because Plaintiff had no contraband.

14.     Plaintiff was given a voice stress analyzer test, which she passed.

15.     Plaintiff was given a second voice stress analyzer (VSA) test, in which it was claimed Plaintiff was deceptive and lying when asked about the purported contraband.

16.     The voice stress analyzer test result, purporting to show that Plaintiff was deceptive, was false.  Plaintiff was not lying or being deceptive. She answered all questions honestly.

17.     Plaintiff was fired, purportedly for being deceptive, based on the second VSA result.

18.     The NITV sold the VSA that gave the test to Plaintiff to the ADC.

19.     The NITV sells VSA devices to government agencies and private companies all over the United States.

20.     The NITV claims that the VSA devices it sells can detect falsehoods and lies in advertisements and marketing materials.  These devices are marketed to law enforcement agencies, such as the ADC, and private corporations, under the premise that these agencies and businesses can use these devices to determine when employees are lying for purposes of carrying out discipline.

21.     This is false, and it is known to be false by the NITV.  Studies have shown that VSA devices are about as likely to catch deception and lies as tossing a coin.  An observant witch doctor would almost certainly do better.  NITV has never subjected its devices to peer review.  NITV has never conducted double blind tests to establish the effectiveness of its devices.  NITV did not develop these devices using the scientific method.

22.     NITV trains people working for agencies and companies to operate these devices. It tells them how to determine falsehoods and deceptive statements, but of course, this is bogus.

23.     NITV's trainers frequently consult on cold calls from the agencies they sell these materials to.

24.     Shook consulted with an ADC employee who gave Plaintiff, Fletcher, the VSA test and claimed that Plaintiff was deceptive on that test.

25.     As a result of NITV's and Shook's conduct Plaintiff's reputation was harmed, and she was fired.

## COUNT I

26.     Plaintiff restates the foregoing as if fully stated herein.

27.     Defendant NITV has created and sold a machine containing a design defect in that the device cannot do what it is sold to do - detect deception and falsehood on a basis more reliable than random chance.

28.     As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

29.     Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT II

30.     Plaintiff restates the foregoing as if fully stated herein.

31.     Defendants have made false statements about Plaintiff or caused them to be made about her, constituting defamation - both slander and libel.   Alternatively, Plaintiff has been portrayed in a false light.

32.     As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

33.     Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT III

34.     Plaintiff restates the foregoing as if fully stated herein.

35.     Defendant NITV has committed a fraud on the state of Arkansas, selling it devices that do not work, which it knows do not work, and also selling bogus training on these devices.

36.     According, there is an illegal exaction, defrauding the taxpayers of Arkansas.

## COUNT IV

37.     Plaintiff restates the foregoing as if fully stated herein.

38.     Defendants have been negligent in creating, designed, advertising, marketing, and training on these devices.

39.     As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

40.     Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT V

41.     Plaintiff restates the foregoing as if fully stated herein.

42.     Defendants have committed violations of the Arkansas Deceptive Trade Practices Act.

43.     As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

44.     Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## JURY DEMAND

45.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays for compensatory damages in excess of $1,000,000, in an amount to be determined by jury, for punitive damages in excess of $1,000,000, in an amount to be determined by a jury, for reasonable attorneys' fees and costs, for a return of taxpayer funds spent on these devices, and training on or repair of them, for a jury trial on all matters so triable, and for all other appropriate relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:    */s/ Lucien R. Gillham*
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com

ELECTRONICALLY FILED
Jefferson County Circuit Court
Lafayette L. Woods, Circuit Clerk
2020-Apr-10  18:07:29
35CV-20-298
C11WD02 : 2 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

**BIANCA FLETCHER**                                                          **PLAINTIFF**

**VS.**          **CASE NO.** 35 CV-20-298

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; GENE SHOOK;**
**AND JOHN DOES 1-2**                                                        **DEFENDANTS**

### JOHN DOE AFFIDAVIT OF PLAINTIFF'S COUNSEL

Comes now, counsel for the Plaintiff, **BIANCA FLETCHER, SUTTER & GILLHAM,**

**P.I.I.C.,** and, for this Affidavit, being competent to testify, states that the statements below are

true and accurate:

1. I am a licensed attorney in good standing in the State of Arkansas and am the Partner and

   owner of **SUTTER & GILLHAM, P.L.L.C.,** who are the attorneys of record for the

   Plaintiff in the attached Complaint.

2. Plaintiff has made reasonable effort to obtain the identity of John Does 1-2, &/or

   individuals who are likely to be additional Defendants in the above-captioned case.

3. The identities of all individuals and entities are unknown.  Plaintiff hereby designates John

   Does 1-2 for the purpose of tolling the statute of limitations pursuant to ACA § 16-56-125.

4. The pseudo-names will continue to be named &/or submitted with the actual names upon

   further discovery, if applicable.

**FURTHER AFFIANT SAITH NAUGHT.**

## VERFICIATION

I, Lucien Gillham, do hereby certify and state, under oath, that the above facts contained herein are true and correct to the best of my knowledge and belief.

_____

Lucien Gillham
*Counsel for Plaintiff*

ACKNOWLEDGMENT
State of _____
) SS.
County of _____ )
Subscribed and sworn before me, a Notary Public, this _____ day of April, 2020.

_____
Notary Public

My commission Expires:
_____

OFFICIAL SEAL
ELIZABETH A. HODGES
No. 12384183
PULASKI COUNTY
My Commission Expires 9-14-2021

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

BIANCA FLETCHER                                              PLAINTIFF

      VS.          CASE NO. 35CV-20-_____

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK;
AND JOHN DOES 1-2                                           DEFENDANTS

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

**CHARLES HUMBLE**

A lawsuit has been filed against you.   The relief demanded is stated in the attached Complaint.   Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: *SUTTER & GILLHAM, P.L.L.C.,* 310 W. Conway Street, Post Office Box 2012, Benton, AR 72018.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: n/a

_____

Address of Clerk's Office                      CLERK OF COURT
Jefferson County Circuit Clerk
101 W Barraque Street
Pine Bluff, AR 71611                            _____
                                               Signature of Clerk or Deputy Clerk]

                                               Date:_____
                                               [SEAL]



Arkansas Judiciary

**Case Title:**     BIANCA FLETCHER V

**Case Number:**   35CV-20-298

**Type:**          SUMMONS - FILER PREPARED

So Ordered

*Katherine White, DC*

Katherine White, Deputy Clerk

Electronically signed by KAWHITE on 2020-04-01 13:31:55     page 2 of 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

BIANCA FLETCHER                                                    PLAINTIFF

    VS.        CASE NO. 35CV-20-_____

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK;
AND JOHN DOES 1-2                                               DEFENDANTS

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

**GENE SHOOK**

A lawsuit has been filed against you. The relief demanded is stated in the attached Complaint. Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: ***SUTTER & GILLHAM, P.L.L.C.,*** 310 W. Conway Street, Post Office Box 2012, Benton, AR 72018.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: n/a

_____

Address of Clerk's Office           CLERK OF COURT
Jefferson County Circuit Clerk
101 W Barraque Street
Pine Bluff, AR 71611

                                 _____

                                 Signature of Clerk or Deputy Clerk]

                                 Date:_____
                                 [SEAL]



Arkansas Judiciary

**Case Title:**     BIANCA FLETCHER V

**Case Number:**   35CV-20-298

**Type:**          SUMMONS - FILER PREPARED

So Ordered

*Katherine White,* DC

Katherine White, Deputy Clerk

Electronically signed by KAWHITE on 2020-04-01 13:28:05     page 2 of 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

BIANCA FLETCHER                                                    **PLAINTIFF**

    VS.           **CASE NO. 35CV-20-_____**

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK;
AND JOHN DOES 1-2                                                  **DEFENDANTS**

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

**NITV FEDERAL SERVICES, LLC**

A lawsuit has been filed against you.  The relief demanded is stated in the attached Complaint.  Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: *SUTTER & GILLHAM, P.L.L.C.,* 310 W. Conway Street, Post Office Box 2012, Benton, AR 72018.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: n/a

---

Address of Clerk's Office             CLERK OF COURT
Jefferson County Circuit Clerk
101 W Barraque Street
Pine Bluff, AR 71611

                                             _____
                                             Signature of Clerk or Deputy Clerk]

                                             Date:_____
                                             [SEAL]



Arkansas Judiciary

**Case Title:**      BIANCA FLETCHER V

**Case Number:**   35CV-20-298

**Type:**          SUMMONS - FILER PREPARED

So Ordered

*Katherine White, DC*

Katherine White, Deputy Clerk

Electronically signed by KAWHITE on 2020-04-01 13:34:46    page 2 of 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## __ DIVISION

BIANCA FLETCHER                                                    PLAINTIFF

    VS.        CASE NO. 35CV-20-_____

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK;
AND JOHN DOES 1-2                                                  DEFENDANTS

### *SUMMONS*

*THE STATE OF ARKANSAS TO DEFENDANT:*

NITV, LLC

A lawsuit has been filed against you.   The relief demanded is stated in the attached Complaint.  Within 30 days after service of this Summons on you (not counting the day you received it) — or 60 days if you are a federal institution, or you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the Clerk of this Court a written Answer to the Complaint or a Motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The Answer or Motion must also be served on the Plaintiff, or Plaintiff's attorney, whose name and address is: *SUTTER & GILLHAM, P.L.L.C.,* 310 W. Conway Street, Post Office Box 2012, Benton, AR 72018.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the Complaint.

ADDITIONAL NOTICES INCLUDED: n/a

_____

Address of Clerk's Office                    CLERK OF COURT
Jefferson County Circuit Clerk
101 W Barraque Street
Pine Bluff, AR 71611                          _____

                                             Signature of Clerk or Deputy Clerk]

                                             Date:_____
                                             [SEAL]



Arkansas Judiciary

**Case Title:**     BIANCA FLETCHER V

**Case Number:**   35CV-20-298

**Type:**          SUMMONS - FILER PREPARED

So Ordered

Katherine White, DC

Katherine White, Deputy Clerk

Electronically signed by KAWHITE on 2020-04-01 13:35:15     page 2 of 2

ELECTRONICALLY FILED
Jefferson County Circuit Court
Lafayette L. Woods, Circuit Clerk
2020-Apr-28  16:58:39
35CV-20-298
C11WD02 : 3 Pages

**Issued by the**

CIRCUIT _____ **COURT**

JEFFERSON _____ **County, Arkansas**

BIANCA FLETCHER _____

**v.**

ARKANSAS DEPT. OF CORRECTIONS _____

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER** 35CV-20-298 _____

**TO:** TAMORA BAKER _____

☐ YOU ARE COMMANDED to appear in the _____ Court of _____ County, Arkansas, at the place, date, and time specified below to testify in the above case.

| Place of Testimony | Courtroom |
|---|---|
| | Date and Time |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the taking of a deposition in the above case.

| Place of Deposition | Date and Time |
|---|---|
| | |

☐ YOU ARE COMMANDED, at the time of the trial, hearing or deposition described above, to produce and permit inspection and copying of the following documents or objects (list documents or objects):

☑ YOU ARE COMMANDED, no more than 30 _____ business days after receiving this subpoena, to produce and permit inspection and copying of the following documents or objects (list documents or objects):

PLEASE SEE ATTACHED EXHIBIT A

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Arkansas Rules of Civil Procedure 30(b)(6).

April 15, 2020

Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant)          Date

Lucien Gillham, Attorney for Plaintiff  SUTTER & GILLHAM, PLLC 310 W. Conway St. Benton, AR 72015

Issuing Officer's Name, Address, and Phone Number

## PROOF OF SERVICE

| SERVED | Date 4-21-2020 | Place ADC Adminstation Office Princeton Plaza Pine Bluff AR |
|---|---|---|
| Tamara Baker | In Person & Byhand. | |
| Served On (Print Name) | Manner of Service | |
| David Singer | Process Server / private Investigator | |
| Served By (Print Name) | Title | |

## DECLARATION OF SERVER

I declare, under penalty of perjury under the laws of the State of Arkansas that the foregoing information contained in the Proof of Service is true and correct.

Executed on      4-21-2020
                 Date                        Signature of Server

                                            600 B Whitehall Ave, Whitehall AR 71602
                                            Address of Server

## NOTICE TO PERSONS SUBJECT TO SUBPOENAS

Regardless of his or her county of residence, a witness subpoenaed for examination at a trial or hearing  must be properly served with a subpoena at least two days prior to the trial or hearing, or within a shorter time if the court so orders. The subpoena must be accompanied by a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per mile for travel from the witness' residence to the place of the trial or hearing. Rule 45(d), Ark. R. Civ. P.

A witness subpoenaed in connection with a deposition must be properly served with a subpoena at least five business days prior to a deposition, or within a shorter time if the court so orders. The witness is required to attend a deposition at any place within 100 miles of where he or she resides, is employed, or transacts business in person, or at such other convenient place set by court order. The subpoena must be accompanied by a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per mile for travel from the witness' residence to the place of the deposition. Rule 45(e), Ark. R. Civ. P.

A subpoena may command the person to whom it is directed to produce for inspection any books, papers, documents, or tangible things designated in the subpoena. The person subpoenaed may ask the court to quash or modify the subpoena if it is unreasonable or oppressive or to require that the person on whose behalf the subpoena is issued pay the reasonable cost of such production. Rule 45(b), Ark. R. Civ. P. The person subpoenaed may also object in writing to inspection or copying of any or all of the designated materials or seek a protective order from the court. If a written objection is made within ten days of service of the subpoena or on or before the time specified for compliance if such time is less than ten days, the party causing the subpoena to be issued is not entitled to inspect the materials unless the court so orders. Rule 45(e), Ark. R. Civ. P.

When a witness fails to attend in obedience to a subpoena or intentionally evades the service of a subpoena by concealment or otherwise, the court may issue a warrant for arresting and bringing the witness before the court to give testimony and answer for contempt. Rule 45(g), Ark. R. Civ. P.

# EXHIBIT A

1. Adani Scans of Plaintiff on 4/30/19

2. All CVSA tests of Plaintiffs, including questions, charts, graphs, and recordings of her actual responses

3. Plaintiff's entire personnel file

4. Entire IA investigation and file of 4/30/19 incident

5. All video or photos of Plaintiff taken on 4/30/19.

6. All grievances and files of grievances of her termination, including recordings and transcripts of any and all hearings held.

7. IA file on Captain Kelly.

8. Captain Kelly's personnel file.

9. All grievances, grievance files, grievance hearings, grievance recorings, grievances transcripts, and grievance resolutions for Capt. Kelly.

10. All CVSA tests of Captain Kelly, including questions, charts, graphs, and recordings of her actual responses.

11. A copy of all CVSA manuals, policies, procedures in possession of ADC.

ELECTRONICALLY FILED
Jefferson County Circuit Court
Lafayette L. Woods, Circuit Clerk
2020-May-15  13:54:43
35CV-20-298
C11WD02 : 12 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISIONS

BIANCA FLETCHER                                                    PLAINTIFF

VS.

CASE NO. 35CV-20-298

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK; and
JOHN DOES 1-2                                                      DEENDANTS

### ANSWER TO PLAINTIFF'S COMPLAINT

Comes now NITV Federal Services, LLC, Charles Humble, and Gene Shook, by and

through their counsel, the Barber Law Firm PLLC, and for their Answer to Plaintiff's

Complaint, states:

1.       These Defendants deny each and every allegation within the Plaintiff's

Complaint unless specifically admitted hereafter.

2.       These Defendants are without sufficient information to admit or deny the

allegations contained within paragraph no. 1 of the Plaintiff's Complaint, and those

allegations are therefore denied at this time.

3.       With respect to paragraph no. 2 of Plaintiff's Complaint, these Defendants

admit that NITV Federal Services, LLC is a limited liability company in West Palm Beach,

Florida.   These Defendants further admit that Mr. Charles Humble is affiliated with NITV

Federal Services, LLC and serves as its registered agent.   These Defendants further admit

that Mr. Gene Shook is a citizen and resident of a state other than Arkansas and that he

has at times performed services for the benefit of NITV Federal Services, LLC.   All other

implications from the allegations set forth in paragraph no. 2 of Plaintiff's Complaint are denied as stated.

4.      The allegations set forth in paragraph no. 3 of the Plaintiff's Complaint merely summarize the theories of liability asserted in the Complaint, and to that end no affirmative response is required.  These Defendants deny the allegations contained within paragraph no. 3 of the Plaintiff's Complaint to the extent they imply any fault or wrongdoing whatsoever on the part of these Defendants.

5.      These Defendants are without sufficient information to admit or deny the allegations set contained within paragraph nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the Plaintiff's Complaint, and those allegations are therefore denied at this time.

6.      With respect to paragraph no. 18 of the Plaintiff's Complaint, separate Defendant NITV Federal Services, LLC admits that it has sold a VSA device to the Arkansas Department of Corrections.  All other implications from the allegations contained within paragraph no. 18 of the Plaintiff's Complaint are denied.

7.      The allegations contained within paragraph no. 19 of the Plaintiff's Complaint are denied.

8.      With respect to paragraph no. 20 of the Plaintiff's Complaint, separate Defendant NITV Federal Services, LLC admits that it markets and sells VSA devices to governmental investigation agencies.   All other implications from the allegations in paragraph no. 20 of the Plaintiff's Complaint are denied.

9.      The allegations contained within paragraph nos. 21 and 22 of the Plaintiff's Complaint are denied.

10.      With respect to paragraph no. 23 of the Plaintiff's Complaint, NITV Federal Services, LLC admits that it communicates from time to time with agencies who have

purchased products from that entity.  All other implications contained within paragraph no. 23 of the Plaintiff's Complaint are denied.

11.     These Defendants are without sufficient information to admit or deny the allegations contained within paragraph no. 24 of the Plaintiff's Complaint, and those allegations are therefore denied at this time.

12.     The allegations contained within paragraph no. 25 of the Plaintiff's Complaint are denied.

13.     With respect to paragraph no. 26 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 25 of the Plaintiff's Complaint.

14.     The allegations contained within paragraph nos. 27, 28, and 29 of the Plaintiff's Complaint are denied.

15.     With respect to paragraph no. 30 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 29 of the Plaintiff's Complaint.

16.     The allegations contained within paragraph nos. 31, 32, and 33 of the Plaintiff's Complaint are denied.

17.     With respect to paragraph no. 34 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 33 of the Plaintiff's Complaint.

18.     The allegations contained within paragraph nos. 35 and 36 of the Plaintiff's Complaint are denied.

19.     With respect to paragraph no. 37 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 36 of the Plaintiff's Complaint.

20.     The allegations contained within paragraph nos. 38, 39, and 40 of the Plaintiff's Complaint are denied.

21.     With respect to paragraph no. 41 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 40 of the Plaintiff's Complaint.

22.     The allegations contained with paragraph nos. 42, 43, and 44 of the Plaintiff's Complaint are denied.

23.     These Defendants join the Plaintiff's demand for trial by jury on all contested issues of fact, as set forth in paragraph no. 45 of the Plaintiff's Complaint.

24.     These Defendants deny the allegations set forth in the "WHEREFORE" paragraph at the conclusion of the Plaintiff's Complaint.

25.     These Defendants have had very little opportunity to investigate this matter and no opportunity to conduct discovery.   As a result, these Defendants affirmatively plead each and every defense available to them pursuant to Ark. R. Civ. P. 12(b), including but not limited to, insufficiency of process, insufficiency of service of process, failure to state facts upon which relief may be granted, and failure to join a necessary party.   It is apparent that the Arkansas Department of Corrections is a necessary party to this action. Furthermore, the Plaintiff has failed to state facts to support any of the causes of action alleged herein.  Furthermore, proper service of a Summons and Complaint has not been confirmed for any of the Defendants herein.

26.     Separate Defendants Charles Humble and Gene Shook affirmatively plead that this Court has no personal jurisdiction or subject matter jurisdiction over them.

27.     These Defendants affirmatively plead each and every defense available to them pursuant to Ark. R. Civ. P 8(c) including but not limited to:

a.      comparative fault;

b.      duress;

c.      estoppel;

d.      exclusiveness of remedy under workman's compensation law;

e.      failure of consideration;

f.      fraud;

g.      illegality;

h.      laches;

i.      license;

j.      payment;

k.      release;

l.      res judicata;

m.      set-off;

n.      statute of fraud;

o.      statute of limitations;

p.      waiver; and

q.      "unclean hands".

28.     These Defendants affirmatively plead all of the defenses available to them pursuant to the Arkansas Products Liability Act, Ark. Code Ann. §§16-116-101 to 107, including but not limited to, compliance with Federal, State and Administrative statutes,

rules and regulations existing at the time the product was sold, and subsequent unforeseeable alterations, changes, improper maintenance and/or abnormal use of the product.

29.     If the Plaintiff has sustained injuries as alleged in the Complaint, any such injuries or losses were caused by the misuse of the product at issue or alteration of the product at issue.

30.     These Defendants affirmatively plead that Plaintiff has failed to mitigate her damages.

31.     These Defendants affirmatively plead the doctrines of comparative fault and independent intervening proximate cause so as to bar or reduce any recovery that may be had herein.

32.     These Defendants affirmatively plead each and every defense available to them pursuant to the Civil Justice Reform Act of 2003, as amended, as if set forth fully herein.  These Defendants specifically invoke their right to an apportionment of fault and bifurcation of damages as appropriate.

33.     These Defendants plead the affirmative defenses of qualified immunity and acquired immunity.

34.     These Defendants affirmatively plead all contract defenses available to them pursuant to any contracts it has with the Arkansas Department of Correction, including but not limited to warnings, disclaimers, limitation of remedies and damages, arbitration agreements, waiver, and any other administrative procedure requirements.

35.     These Defendants affirmatively plead the tacit agreement doctrine as defense to any claim for consequential damages.

36.     These Defendants affirmatively state that the Arkansas Department of Corrections is the entity responsible for any decisions to terminate the Plaintiff's employment.  As required by Ark. Code Ann. §16-61-202, Act 1116 of 2013, any other statute providing a substantive right, and Rule 9 of the Arkansas Rules of Civil Procedure, the Arkansas Department of Corrections is identified as a non-party which is described in allegations in the Plaintiff's Complaint.    To the extent the Arkansas Department of Corrections is deemed to have fault, these Defendants are requesting an allocation for the non-party's percentage of fault.

37.     Pleading further, alternatively, and by way of affirmative defense, these Defendants plead the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and similar provisions of the Arkansas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies the Defendants equal protection of the law under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments.  These Defendants plead that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

38.     Pleading further, alternatively, and by way of affirmative defense, these Defendants would show that the imposition of punitive damages sought by Plaintiff violates this Defendants' rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection

under the Arkansas Constitution, and the prohibition against excessive fines in the Arkansas Constitution, in that:

(a)     Arkansas law and the Arkansas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Arkansas law and the Arkansas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)     These Defendants had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject these Defendants to punitive damages or as to the potential amount of such an award.

(c)     Under Arkansas law and the Arkansas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)     Under Arkansas law and the Arkansas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in

part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

(e)     No provision of Arkansas law or the Arkansas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)     Arkansas law and the Arkansas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Arkansas law and the Arkansas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(h)     In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Arkansas law and the Arkansas punitive damage scheme place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

(i)     Under Arkansas law and the Arkansas punitive damage scheme, there is no limit on the number of times this Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

39.     Pleading further, alternatively, and by way of affirmative defense, these Defendants would show that the net effect of Arkansas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner.  The lack of

adequate guidelines or review and undue emphasis on Defendants' wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state (U.S. Const, Amend 14; Arkansas Const.) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Arkansas punitive damage system is in the depth of the Defendants' pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

40. Pleading further, alternatively, and by way of affirmative defense, these Defendants would show that insofar as the punitive damage award sought by Plaintiff seek to impose punitive damages under Arkansas law for conduct in other states, the award violates:

(a) These Defendants' rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Arkansas Constitution;

(b) The dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

(c) The Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

(d) The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

(e) The prohibition against excessive fines in the Arkansas Constitution.

41. These Defendants affirmatively plead the requirements of Rules 9 and 10 of the Arkansas Rules of Civil Procedure because the Plaintiff has failed to comply with those

rules.  Plaintiff has failed allege specific facts constituting fraud or other violations of the Arkansas Deceptive Trade Practices Act.

42.     These Defendants reserve the right to file an Amended Answer and otherwise plead further following investigation and discovery.

WHEREFORE, having fully answered, NITV Federal Services, LLC, Charles Humble, and Gene Shook, respectfully request that the Plaintiff's Complaint be dismissed, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

**BARBER LAW FIRM PLLC**
Attorneys for NITV Federal Services, LLC
Charles Humble and Gene Shook
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
(501) 372-6175/(501) 375-2802 (Fax)

By:  /s/ James D. Robertson
        James D. Robertson AR BIN  95181
        Adam D. Franks        ARBIN 2016124
        jrobertson@barberlawfirm.com
        afranks@barberlawfirm.com

## **CERTIFICATE OF SERVICE**

I, James D. Robertson, do hereby state on oath that I have mailed/emailed a true and correct copy of the above and foregoing pleading this 15th day of May, 2020, to the following:

Lucien R. Gillham
SUTTER & GILLHAM, P.L.L.C.
P. O. Box 2012
Benton, AR  72018
Lucien.gillham@gmail.com

/s/ James D. Robertson
James D. Robertson AR BIN 95181