ELECTRONICALLY FILED
Jefferson County Circuit Court
Lafayette L. Woods, Circuit Clerk
2020-Mar-31 16:56:26
35CV-20-298
C11WD02 : 6 Pages

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
___ DIVISION

**BIANCA FLETCHER**                                                    **PLAINTIFF**

VS.        CASE NO. _____

**NITV, LLC; NITV FEDERAL SERVICES, LLC;**
**CHARLES HUMBLE; GENE SHOOK;**
**AND JOHN DOES 1-2**                                                  **DEFENDANTS**

## COMPLAINT

**COMES NOW**, Plaintiff, **BIANCA FLETCHER,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, she states:

1. Plaintiff is a citizen and resident of Jefferson County, Arkansas.

2. Defendant, NITV, LLC, is a limited liability company with a principal address of 9999 Collins Ave., 12-A, Bal Harbour, Florida, 33514, operating in an industry substantially impacting interstate commerce, whose registered agent is Charles Humble, at the same address. Defendant, NITV Federal Services, LLC, is a limited liability company, whose principal address is 11400 Fortune Cir., W. Palm Beach, FL 33414, operating in an industry substantially impacting interstate commerce whose agent for service is Charles Humble, at 11400 Fortune Cir., W. Palm Beach, FL 33414. Charles Humble is the inventor of the VSA; and, is one of the directors of NITV, LLC, and NITV Federal Services, LLC. They are collectively referred to as NITV. Gene Shook is a citizen and resident of another state, who works for the NITV, training people on how to do VSA exams and consulting on cold readings of examinations that have been taken. John Does 1 and 2 are businesses selling or facilitating the sale of voice stress analyzers to the State of Arkansas (NITV Defendants).

# EXHIBIT B

3. The claims in this case are for libel, slander, false light, illegal exaction, negligence, and products liability, in an amount exceeding that required for diversity jurisdiction.

## **GENERAL FACTS**

4. Plaintiff worked for the Arkansas Department of Corrections (ADC), starting in 2016.

5. Plaintiff was terminated on May 16, 2019, at which time she was a Correctional Officer II.

6. Plaintiff had come to work, and an Adani body scanning device, known to be faulty, purported to detect contraband on Plaintiff's person.

7. Plaintiff did not have contraband on her person.

8. From the point of the purported detection of contraband, Plaintiff was at all times accompanied or watched by ADC personnel until such time as she was strip searched.

9. For most of the time, up until she was strip searched, Plaintiff was videoed.

10. No person ever saw Plaintiff, Fletcher, get rid of or hand off any contraband.

11. No recording device ever showed her getting rid or handing off any contraband.

12. When Plaintiff was strip searched, no contraband was found.

13. This was because Plaintiff had no contraband.

14. Plaintiff was given a voice stress analyzer test, which she passed.

15. Plaintiff was given a second voice stress analyzer (VSA) test, in which it was claimed Plaintiff was deceptive and lying when asked about the purported contraband.

16. The voice stress analyzer test result, purporting to show that Plaintiff was deceptive, was false. Plaintiff was not lying or being deceptive. She answered all questions honestly.

17. Plaintiff was fired, purportedly for being deceptive, based on the second VSA result.

18. The NITV sold the VSA that gave the test to Plaintiff to the ADC.

19. The NITV sells VSA devices to government agencies and private companies all over the United States.

20. The NITV claims that the VSA devices it sells can detect falsehoods and lies in advertisements and marketing materials. These devices are marketed to law enforcement agencies, such as the ADC, and private corporations, under the premise that these agencies and businesses can use these devices to determine when employees are lying for purposes of carrying out discipline.

21. This is false, and it is known to be false by the NITV. Studies have shown that VSA devices are about as likely to catch deception and lies as tossing a coin. An observant witch doctor would almost certainly do better. NITV has never subjected its devices to peer review. NITV has never conducted double blind tests to establish the effectiveness of its devices. NITV did not develop these devices using the scientific method.

22. NITV trains people working for agencies and companies to operate these devices. It tells them how to determine falsehoods and deceptive statements, but of course, this is bogus.

23. NITV's trainers frequently consult on cold calls from the agencies they sell these materials to.

24. Shook consulted with an ADC employee who gave Plaintiff, Fletcher, the VSA test and claimed that Plaintiff was deceptive on that test.

25. As a result of NITV's and Shook's conduct Plaintiff's reputation was harmed, and she was fired.

## COUNT I

26. Plaintiff restates the foregoing as if fully stated herein.

27. Defendant NITV has created and sold a machine containing a design defect in that the device cannot do what it is sold to do - detect deception and falsehood on a basis more reliable than random chance.

28. As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

29. Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT II

30. Plaintiff restates the foregoing as if fully stated herein.

31. Defendants have made false statements about Plaintiff or caused them to be made about her, constituting defamation - both slander and libel.  Alternatively, Plaintiff has been portrayed in a false light.

32. As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

33. Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT III

34. Plaintiff restates the foregoing as if fully stated herein.

35. Defendant NITV has committed a fraud on the state of Arkansas, selling it devices that do not work, which it knows do not work, and also selling bogus training on these devices.

36. According, there is an illegal exaction, defrauding the taxpayers of Arkansas.

## COUNT IV

37. Plaintiff restates the foregoing as if fully stated herein.

38. Defendants have been negligent in creating, designed, advertising, marketing, and training on these devices.

39. As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

40. Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## COUNT V

41. Plaintiff restates the foregoing as if fully stated herein.

42. Defendants have committed violations of the Arkansas Deceptive Trade Practices Act.

43. As a result of Defendants' actions, Plaintiff has been injured, in that she lost her job, lost wages, suffered harm to her reputation, lost benefits, incurred medical bills, and endured mental, emotional, and physical suffering.

44. Defendants' actions have been so egregious as to merit the imposition of punitive damages, as they were intentional, reckless, and knowing violations of Plaintiff's rights.

## JURY DEMAND

45. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays for compensatory damages in excess of $1,000,000, in an amount to be determined by jury, for punitive damages in excess of $1,000,000, in an amount to be determined by a jury, for reasonable attorneys' fees and costs, for a return of taxpayer funds spent on these devices, and training on or repair of them, for a jury trial on all matters so triable, and for all other appropriate relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By: */s/ Lucien R. Gillham*
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com