ELECTRONICALLY FILED
Jefferson County Circuit Court
Lafayette L. Woods, Circuit Clerk
2020-May-15  13:54:43
35CV-20-298
C11WD02 : 12 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISIONS

BIANCA FLETCHER                                                    PLAINTIFF

VS.

CASE NO. 35CV-20-298

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK; and
JOHN DOES 1-2                                                      DEENDANTS

## ANSWER TO PLAINTIFF'S COMPLAINT

Comes now NITV Federal Services, LLC, Charles Humble, and Gene Shook, by and

through their counsel, the Barber Law Firm PLLC, and for their Answer to Plaintiff's

Complaint, states:

1.      These Defendants deny each and every allegation within the Plaintiff's

Complaint unless specifically admitted hereafter.

2.      These Defendants are without sufficient information to admit or deny the

allegations contained within paragraph no. 1 of the Plaintiff's Complaint, and those

allegations are therefore denied at this time.

3.      With respect to paragraph no. 2 of Plaintiff's Complaint, these Defendants

admit that NITV Federal Services, LLC is a limited liability company in West Palm Beach,

Florida.  These Defendants further admit that Mr. Charles Humble is affiliated with NITV

Federal Services, LLC and serves as its registered agent.  These Defendants further admit

that Mr. Gene Shook is a citizen and resident of a state other than Arkansas and that he

has at times performed services for the benefit of NITV Federal Services, LLC.  All other

implications from the allegations set forth in paragraph no. 2 of Plaintiff's Complaint are denied as stated.

4.      The allegations set forth in paragraph no. 3 of the Plaintiff's Complaint merely summarize the theories of liability asserted in the Complaint, and to that end no affirmative response is required.  These Defendants deny the allegations contained within paragraph no. 3 of the Plaintiff's Complaint to the extent they imply any fault or wrongdoing whatsoever on the part of these Defendants.

5.      These Defendants are without sufficient information to admit or deny the allegations set contained within paragraph nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the Plaintiff's Complaint, and those allegations are therefore denied at this time.

6.      With respect to paragraph no. 18 of the Plaintiff's Complaint, separate Defendant NITV Federal Services, LLC admits that it has sold a VSA device to the Arkansas Department of Corrections.   All other implications from the allegations contained within paragraph no. 18 of the Plaintiff's Complaint are denied.

7.      The allegations contained within paragraph no. 19 of the Plaintiff's Complaint are denied.

8.      With respect to paragraph no. 20 of the Plaintiff's Complaint, separate Defendant NITV Federal Services, LLC admits that it markets and sells VSA devices to governmental investigation agencies.   All other implications from the allegations in paragraph no. 20 of the Plaintiff's Complaint are denied.

9.      The allegations contained within paragraph nos. 21 and 22 of the Plaintiff's Complaint are denied.

10.      With respect to paragraph no. 23 of the Plaintiff's Complaint, NITV Federal Services, LLC admits that it communicates from time to time with agencies who have

purchased products from that entity.  All other implications contained within paragraph no. 23 of the Plaintiff's Complaint are denied.

11.     These Defendants are without sufficient information to admit or deny the allegations contained within paragraph no. 24 of the Plaintiff's Complaint, and those allegations are therefore denied at this time.

12.     The allegations contained within paragraph no. 25 of the Plaintiff's Complaint are denied.

13.     With respect to paragraph no. 26 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 25 of the Plaintiff's Complaint.

14.     The allegations contained within paragraph nos. 27, 28, and 29 of the Plaintiff's Complaint are denied.

15.     With respect to paragraph no. 30 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 29 of the Plaintiff's Complaint.

16.     The allegations contained within paragraph nos. 31, 32, and 33 of the Plaintiff's Complaint are denied.

17.     With respect to paragraph no. 34 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 33 of the Plaintiff's Complaint.

18.     The allegations contained within paragraph nos. 35 and 36 of the Plaintiff's Complaint are denied.

19.     With respect to paragraph no. 37 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 36 of the Plaintiff's Complaint.

20.     The allegations contained within paragraph nos. 38, 39, and 40 of the Plaintiff's Complaint are denied.

21.     With respect to paragraph no. 41 of the Plaintiff's Complaint, these Defendants incorporate by reference as if set forth fully herein each and every response they provided to paragraph nos. 1 through 40 of the Plaintiff's Complaint.

22.     The allegations contained with paragraph nos. 42, 43, and 44 of the Plaintiff's Complaint are denied.

23.     These Defendants join the Plaintiff's demand for trial by jury on all contested issues of fact, as set forth in paragraph no. 45 of the Plaintiff's Complaint.

24.     These Defendants deny the allegations set forth in the "WHEREFORE" paragraph at the conclusion of the Plaintiff's Complaint.

25.     These Defendants have had very little opportunity to investigate this matter and no opportunity to conduct discovery.   As a result, these Defendants affirmatively plead each and every defense available to them pursuant to Ark. R. Civ. P. 12(b), including but not limited to, insufficiency of process, insufficiency of service of process, failure to state facts upon which relief may be granted, and failure to join a necessary party.   It is apparent that the Arkansas Department of Corrections is a necessary party to this action. Furthermore, the Plaintiff has failed to state facts to support any of the causes of action alleged herein.  Furthermore, proper service of a Summons and Complaint has not been confirmed for any of the Defendants herein.

26.     Separate Defendants Charles Humble and Gene Shook affirmatively plead that this Court has no personal jurisdiction or subject matter jurisdiction over them.

27.     These Defendants affirmatively plead each and every defense available to them pursuant to Ark. R. Civ. P 8(c) including but not limited to:

a.     comparative fault;

b.     duress;

c.     estoppel;

d.     exclusiveness of remedy under workman's compensation law;

e.     failure of consideration;

f.     fraud;

g.     illegality;

h.     laches;

i.     license;

j.     payment;

k.     release;

l.     res judicata;

m.     set-off;

n.     statute of fraud;

o.     statute of limitations;

p.     waiver; and

q.     "unclean hands".

28.     These Defendants affirmatively plead all of the defenses available to them pursuant to the Arkansas Products Liability Act, Ark. Code Ann. §§16-116-101 to 107, including but not limited to, compliance with Federal, State and Administrative statutes,

rules and regulations existing at the time the product was sold, and subsequent unforeseeable alterations, changes, improper maintenance and/or abnormal use of the product.

29.     If the Plaintiff has sustained injuries as alleged in the Complaint, any such injuries or losses were caused by the misuse of the product at issue or alteration of the product at issue.

30.     These Defendants affirmatively plead that Plaintiff has failed to mitigate her damages.

31.     These Defendants affirmatively plead the doctrines of comparative fault and independent intervening proximate cause so as to bar or reduce any recovery that may be had herein.

32.     These Defendants affirmatively plead each and every defense available to them pursuant to the Civil Justice Reform Act of 2003, as amended, as if set forth fully herein.  These Defendants specifically invoke their right to an apportionment of fault and bifurcation of damages as appropriate.

33.     These Defendants plead the affirmative defenses of qualified immunity and acquired immunity.

34.     These Defendants affirmatively plead all contract defenses available to them pursuant to any contracts it has with the Arkansas Department of Correction, including but not limited to warnings, disclaimers, limitation of remedies and damages, arbitration agreements, waiver, and any other administrative procedure requirements.

35.     These Defendants affirmatively plead the tacit agreement doctrine as defense to any claim for consequential damages.

36.     These Defendants affirmatively state that the Arkansas Department of Corrections is the entity responsible for any decisions to terminate the Plaintiff's employment.  As required by Ark. Code Ann. §16-61-202, Act 1116 of 2013, any other statute providing a substantive right, and Rule 9 of the Arkansas Rules of Civil Procedure, the Arkansas Department of Corrections is identified as a non-party which is described in allegations in the Plaintiff's Complaint.   To the extent the Arkansas Department of Corrections is deemed to have fault, these Defendants are requesting an allocation for the non-party's percentage of fault.

37.     Pleading further, alternatively, and by way of affirmative defense, these Defendants plead the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and similar provisions of the Arkansas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies the Defendants equal protection of the law under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments.  These Defendants plead that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

38.     Pleading further, alternatively, and by way of affirmative defense, these Defendants would show that the imposition of punitive damages sought by Plaintiff violates this Defendants' rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection

under the Arkansas Constitution, and the prohibition against excessive fines in the Arkansas Constitution, in that:

(a)    Arkansas law and the Arkansas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Arkansas law and the Arkansas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)    These Defendants had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case.  That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject these Defendants to punitive damages or as to the potential amount of such an award.

(c)    Under Arkansas law and the Arkansas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)    Under Arkansas law and the Arkansas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in

part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

(e)     No provision of Arkansas law or the Arkansas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)     Arkansas law and the Arkansas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Arkansas law and the Arkansas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(h)     In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Arkansas law and the Arkansas punitive damage scheme place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

(i)     Under Arkansas law and the Arkansas punitive damage scheme, there is no limit on the number of times this Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

39.     Pleading further, alternatively, and by way of affirmative defense, these Defendants would show that the net effect of Arkansas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner.   The lack of

adequate guidelines or review and undue emphasis on Defendants' wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state (U.S. Const, Amend 14; Arkansas Const.) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Arkansas punitive damage system is in the depth of the Defendants' pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

40.     Pleading further, alternatively, and by way of affirmative defense, these Defendants would show that insofar as the punitive damage award sought by Plaintiff seek to impose punitive damages under Arkansas law for conduct in other states, the award violates:

(a)     These Defendants' rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Arkansas Constitution;

(b)     The dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

(c)     The Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

(d)     The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

(e)     The prohibition against excessive fines in the Arkansas Constitution.

41.     These Defendants affirmatively plead the requirements of Rules 9 and 10 of the Arkansas Rules of Civil Procedure because the Plaintiff has failed to comply with those

rules.  Plaintiff has failed allege specific facts constituting fraud or other violations of the Arkansas Deceptive Trade Practices Act.

42.    These Defendants reserve the right to file an Amended Answer and otherwise plead further following investigation and discovery.

WHEREFORE, having fully answered, NITV Federal Services, LLC, Charles Humble, and Gene Shook, respectfully request that the Plaintiff's Complaint be dismissed, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

**BARBER LAW FIRM PLLC**
Attorneys for NITV Federal Services, LLC
Charles Humble and Gene Shook
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
(501) 372-6175/(501) 375-2802 (Fax)

By: /s/ James D. Robertson
     James D. Robertson  AR BIN  95181
     Adam D. Franks       ARBIN 2016124
     jrobertson@barberlawfirm.com
     afranks@barberlawfirm.com

## CERTIFICATE OF SERVICE

I, James D. Robertson, do hereby state on oath that I have mailed/emailed a true and correct copy of the above and foregoing pleading this 15th day of May, 2020, to the following:

Lucien R. Gillham
SUTTER & GILLHAM, P.L.L.C.
P. O. Box 2012
Benton, AR  72018
Lucien.gillham@gmail.com


/s/ James D. Robertson
James D. Robertson AR BIN 95181