IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BIANCA FLETCHER                                                                                          PLAINTIFF

VS.
                                  CASE NO. 4:20-CV-521 LPR

NITV, LLC; NITV FEDERAL SERVICES, LLC;
CHARLES HUMBLE; GENE SHOOK; and
JOHN DOES 1-2                                                                                            DEFENDANTS

## JOINT RULE 26(f) REPORT

Come the Plaintiff and Defendant by and through their attorneys, and for their Joint Rule 26(f) Report set forth the following:

1. **Any change in timing, form, or requirement of initial disclosures under Fed. R. Civ. P. 26(a).**

The parties stipulate that they will make the mandatory initial disclosures by September, 8, 2020.

2. **Dates when initial disclosures were or will be made.**

The parties stipulate that they will make the mandatory initial disclosures by September 8, 2020

3. **Subjects on which discovery may be needed.**

Plaintiff will conduct discovery regarding liability, damages, establishment of a *prima facie* case, and any affirmative defenses.

The defendant plans to conduct discovery in order to explore the full range of Plaintiff's allegations, including both liability and damages.

4. **Whether any party will likely be requested to disclose or produce information**

from electronic or computer-based media.

 (a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

 (b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

 (c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

 (d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

 (e) other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

At this time, whether the parties will conduct discovery of electronic information is not known. However, the parties agree that in the event electronic discovery is necessary, the parties anticipate the following:

 (a) Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

 (b) The parties do not anticipate that there will be discovery beyond what is reasonably available to the parties in the ordinary course of business;

 (c) If it is determined that electronic information is reasonably calculated to lead to the discovery of admissible evidence, such evidence may be provided in electronic format or other media agreed to by parties. The parties further agree that documents may be produced in Portable Document Format (.pdf) unless there is some unusual circumstance making production in hard copies or inspection of original documents necessary. Parties reserve the right to request electronic documents, files, or emails in their electronic format, with metadata;

 (d) Reasonable measures will be taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

 (e) None anticipated at this time.

 5. **Date by which discovery should be completed.**

The parties agree with the court's proposed discovery cut-off of March 5, 2021.

6. **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

None at this time.

7. **Any Orders, e.g., protective orders, which should be entered.**

The parties will negotiate and agree to a protective order as necessary. If an agreement cannot be reached, a request will be made to this Court.

8. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None.

9. **Any objections to the proposed trial date.**

The parties do not object to the August 2, 2021, trial setting.

10. **Proposed deadline for joining other parties and amending the pleadings.**

The parties agree with the Court's proposed deadline to join parties/amend pleadings by February 3, 2021.

11. **Proposed deadline for completing discovery.**

The parties agree with the court's proposed discovery cut-off of March 5, 2021.

12. **Proposed deadline for filing motions other than motions for class certification.**

The parties agree with the court's proposed general motion deadline of April 5, 2021, and motion in limine deadline of July 23, 2021.

13. **Class Certification**.

Not applicable.

Respectfully submitted,

James D. Robertson
Arkansas Bar ID No.:  95181
**BARBER LAW FIRM PLLC**
Attorneys for NITV Federal Services, LLC
Charles Humble and Gene Shook
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
(501) 372-6175/(501) 375-2802 (Fax)
jrobertson@barberlawfirm.com

- And –

Lucien R. Gillham
Arkansas Bar ID No.:  99199
**SUTTER & GILLHAM, P.L.L.C.**
Attorneys for Plaintiff
P. O. Box 2012
Benton, AR  72018
(501) 315-1910
Lucien.gillham@gmail.com