IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BIANCA FLETCHER                                                                     PLAINTIFF

vs.                                          CASE NO. 4:20-CV-521 LPR

NITV FEDERAL SERVICES, LLC;
GENE SHOOK; and JOHN DOES 1-2                                       DEFENDANTS

BRIEF IN SUPPORT OF VERIFIED RULE 56(D) MOTION OF PLAINTIFF

Comes now the Plaintiff, by and through counsel, who, for the Brief in Support of her Verified Rule 56(d) Motion states:

Plaintiff hereby moves for relief from Responding to Defendants' pending motion for summary judgment. Federal Rule of Civil Procedure 56(d) provides:

**When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed.R.Civ.P. 56(d).  To obtain relief, "the party opposing summary judgment must file an affidavit 'affirmatively demonstrating ... how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' " *Ray v. American Airlines, Inc.,* 609 F.3d 917, 923 (8th Cir.2010).  The party seeking additional discovery must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998). *See Chambers v. Travelers Cos., Inc.,* 668 F.3d 559, 568 (8th Cir.2012).

Discovery in this case will be extensive.  Plaintiff needs to take depositions to establish that the appeal would not have existed for plaintiff to lose if she had not been fired in the first

place (causation), circumstantial evidence supporting the fact that she did not have contraband, and did not lie in the investigation, that NITV's device is defective in that it does not detect true or false statements at levels better than chance, that it is defective and unreasonably dangerous in that it can and has resulted in false charges, false arrests, false convictions, and thereby loss of property and life, as well as injury to persons, that the test results on Fletcher were false and misleading, that Shook's statements about her test results were false andn misleading, that NITV and Shook knew the device was defective, and made false and misleading statements anyway, the relationship between NITV and Shook, the fraud on the state and therefore plaintiff as a taxpayer, the deceptive trade practices, and that the conduct complained of was not specifically regulated/permitted.

WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF: (1) that no summary judgent response shall be required until after the disscovery cutoff.

Respectfully Submitted,

Sutter & Gillham PLLC
310 W. Conway
Benton, AR 72015
POB 2012, Benton, AR 72018
501-315-1910
lucien.gillham@gmail.com

by: /s/ Lucien Gillham
Ark. Bar #99199