IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BIANCA FLETCHER                                                                                      PLAINTIFF

V.

NO. 4:20-CV-521 LPR

NITV FEDERAL SERVICES, LLC;
GENE SHOOK; and JOHN DOES 1-2                                                           DEFENDANTS

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come now Defendants, NITV Federal Services, LLC, and Gene Shook, by and through their counsel, Barber Law Firm PLLC, and for their Reply Brief in Support of Motion for Summary Judgment, state:

### I.  Introduction

Plaintiff relies on speculation, conjecture, and hearsay to resist the present motion. Plaintiff has failed to meet her burden to avoid summary judgment, which should be granted. Moreover, Plaintiff's motion does not comply with the requirements of Rule 56(d), and the motion should be denied. There are no genuine issues of material fact that preclude summary judgment on all of Plaintiff's causes of action. Consequently, the present motion should be granted.

### II. Plaintiff's Rule 56(d) motion should be denied.

Plaintiff's motion for additional discovery is procedurally improper and must be denied. To obtain a Rule 56(d) continuance, "the party opposing summary judgment must file an affidavit 'affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Toben v. Bridgestone Retail Operations*, LLC, 751 F.3d 888, 894 (8th Cir. 2014) (citation omitted). Plaintiff must show: "(1) that they

have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Id.* at 895 (compiling cases). The rule "does not condone a fishing expedition." *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997). "Specific facts sought must be identified. Mere speculation that there is some relevant evidence not yet discovered will never suffice." *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016). Failure to comply with the requirements of Rule 56(d) warrants denial of a motion for additional discovery. *See id.*

Plaintiff has failed to comply with these requirements. Plaintiff filed an unverified, unsworn brief outlining additional discovery Plaintiff believes is necessary. (Doc. 20). Plaintiff's unsworn brief contains no specific facts—it contains only broad conclusory statements regarding the elements of Plaintiff's claims. "A successful summary judgment defense requires more than argument or re-allegation; [the party] must demonstrate that at trial it may be able to put on admissible evidence proving its allegations." *Mays v. Rhodes*, 255 F.3d 644, 648 (8th Cir. 2001) (citation omitted). The brief makes no showing whatsoever that the alleged facts exist or are essential to resisting the present motion. The brief is a mere recitation of Plaintiff's causes of action, and it is well settled that conclusory statements, even when asserted under oath, are improper at the summary judgment stage and cannot create a genuine issue of material fact precluding summary judgment. *See Allen v. Entergy Corp.*, 181 F.3d 902, 906 (8th Cir. 1999). Plaintiff's motion does not comply with Rule 56(d), and the motion must be denied. *Riebold*, 815 F.3d at 1121. Plaintiff's motion is "mere speculation" and insufficient to defeat summary judgment. *See id.*

The undisputed proof presented in support of summary judgment is that the initial decision maker, Warden Culclager, detected deception without the use of the CVSA, and Warden Culclager ultimately testified that she would have terminated Ms. Fletcher anyway due to the other evidence gathered during the investigation. Furthermore, on administrative appeal of Fletcher's termination, Warden Culclager's termination decision was affirmed because Fletcher, by her own admission, brought a bank card into the facility, justifying the termination for bringing contraband into the facility. Plaintiff has not shown how any outstanding discovery would alter or refute this undisputed testimony. The use of the CVSA would not have altered the outcome.

### III.  **Plaintiff has failed to meet proof with proof to avoid summary judgment.**

Plaintiff does not oppose the defendants' Statement of Undisputed Material Facts as set forth by Local Rule 56.1, resulting in those facts being deemed admitted per paragraph (c) of the local rule. However, Plaintiff resists the present motion with numerous exhibits that are hearsay or otherwise inadmissible, which is improper. *See Risdal v. Nixon*, 589 F. App'x 801, 803 (8th Cir. 2014). "In evaluating the evidence at the summary judgment stage, we consider only those responses that are supported by admissible evidence." *Rhodes*, 255 F.3d at 648 (quoting *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1098 (8th Cir. 1996)). Only two of Plaintiff's eleven exhibits—the deposition transcripts of Aundrea Culclager and Plaintiff (Docs. 19-2, 19-3)—are sworn and potentially competent summary judgment evidence. The remainder, (Docs. 19-1, 19-4 to 11), are inadmissible. This evidence must be excluded from consideration of the present motion. *See id*.

Additionally, Plaintiff submits almost 600 pages of exhibits in support of her Response with scant citation to specific evidence in support of Plaintiff's arguments. The Court "is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 915 (8th Cir. 2007) (citing *White v. McDonnell Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990)). Nor must the Court "mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments." *Id.* (quoting *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006)).

Plaintiff cannot resist summary judgment by cluttering the record by filing un-redacted deposition transcripts and irrelevant documents. There is no competent evidence submitted by Plaintiff to preclude summary judgment. Plaintiff asks the Court to consider inadmissible materials and wade through hundreds of pages of exhibits in search of genuine issues of material fact. There are none, and the present motion should be granted.

### A.     **Plaintiff does not address Defendants' argument regarding causation.**

The undisputed evidence establishes that the CVSA equipment was not the cause of Plaintiff's termination from ADC, which is the basis for all of Plaintiff's claims. Plaintiff's response is simply "Plaintiff might not have been fired absent the CVSA." (Doc. 19, p. 4 ¶ 11).

Warden Culclager independently concluded that Ms. Fletcher and Ms. Kelly were deceptive without the use of the CVSA. (SUMF ¶¶ 15-19, 22). The initial decision to terminate Plaintiff's employment was independent of the CVSA tests; Warden Culclager

would have terminated Plaintiff even had the CVSA not been performed. (SUMF ¶ 22). [1] In any event, Ms. Fletcher's termination was affirmed by the Office of Personnel Management based on the undisputed fact that Ms. Fletcher brought contraband into the prison: a bank card. (SUMF ¶ 21). Plaintiff's possession of the bank card in the ADC facility is totally unrelated to and independent of the CVSA exams.

Plaintiff disregards all of these facts and, instead, submits mere speculation and conjecture in her attempt to rebuff summary judgment. The undisputed testimony of the decision-maker, Warden Culclager, establishes that Plaintiff's termination was not caused by the CVSA examination. Arkansas law requires more than a mere possibility of causation, which is what Plaintiff now presents to the Court. *See Davis v. Kemp*, 252 Ark. 925, 927, 481 S.W.2d 712, 713 (1972). Unverified reports, news stories, proceedings in other cases that do not include the defendants herein, and website printouts are rank hearsay and not competent evidence to establish causation. (Docs. 19-1, 19-4 to 11). There is no evidence of causation to support Plaintiff's claims, and Defendants are entitled to summary judgment.

> **B.     Defendants are entitled to summary judgment on the products liability claim.**

The cases cited by Plaintiff make clear that Plaintiff's product liability claim fails as a matter of law. The Arkansas Product Liability Act, Ark. Code Ann. § 16-116-201, *et seq.*, "contemplates a type of defect which renders the product not merely inadequate, but one which poses an actual danger to persons or property." *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 279 Ark. 384, 391, 653 S.W.2d 128, 131 (1983). Plaintiff's argument is that the CVSA equipment is inadequate, but there is no evidence

---

[1] In contrast, the Adani Scanner played a significant role in the termination of Ms. Fletcher, yet there is no allegation of fault against the manufacturer of the scanner.

whatsoever that the equipment was an unreasonable danger to persons or property. There must be *some* damage to person or property, even if the damage is only to the defective product itself, before economic losses can be recovered. *See Bayer CropScience LP v. Schafer*, 2011 Ark. 518, at 15, 385 S.W.3d 822, 832; *see also Farm Bureau Ins. Co. v. Case Corp.*, 317 Ark. 467, 471, 878 S.W.2d 741, 743 (1994) (citing *Alaskan Oil, Inc. v. Cent. Flying Serv., Inc.*, 975 F.2d 553 (8th Cir. 1992)) ("[T]he Eighth Circuit correctly held that Arkansas permits recovery under strict liability *when the only damages sustained are to the defective product*.").

Plaintiff presents no evidence in support of this claim and simply concludes there are fact issues for trial. Plaintiff also relies on *Crowe v. Cty. of San Diego*, No. 99CV0241 R (RBB), 2003 U.S. Dist. LEXIS 29574 (S.D. Cal. Feb. 24, 2003), which is inapposite. *Crowe* is legally distinguishable in that it was decided under California law, and *Crowe* is factually distinguishable from the present case, including the fact that the defendants herein were not parties to the *Crowe* case.  Another distinguishing fact here is that the CVSA was not the determining factor in the decision making, which would have been contrary to the end user Licensing agreement and ADC policy.  (See Doc. 18, SUMF ¶¶ 9-10).  *Crowe* is not controlling in the present action and is contrary to the Arkansas law cited above. Plaintiff also fails to address the extensive statutory and regulatory law in Arkansas that authorizes the use of CVSA equipment. Plaintiff has failed to meet proof with proof, and Plaintiff's arguments are contrary to applicable law. Thus, the products liability claim must fail as a matter of law.

C. **Summary judgment is proper under the acquired immunity doctrine.**

Plaintiff presents no evidence related to Defendants' argument based on acquired immunity. The Arkansas caselaw governing the doctrine is not as narrow as Plaintiff contends. The doctrine shields contractors who perform work in accordance with the terms of a contract with a governmental agency and under the supervision of the governmental agency. *See Smith v. Rogers Group, Inc.*, 348 Ark. 241, 250, 72 S.W.3d 450, 455 (2002). Here, the CVSA equipment was used pursuant to an agreement with ADC, an entity of the State of Arkansas, and the equipment was physically used and operated by an employee of ADC. (Doc 18, SUMF ¶¶ 9-11). Plaintiff does not present evidence to dispute these facts but, rather, contends Defendants did not work for the state—despite also arguing Gene Shook worked with ADC personnel during the investigation. The acquired-immunity doctrine requires only performance pursuant to a state contract and the absence of an independent tort. *See id.* Plaintiff has presented no evidence of negligent performance of the contract between NITV and the State of Arkansas. Additionally, Plaintiff also does not address the express authorization of the use of CVSA equipment under Arkansas law. Defendants are entitled dismissal based on the acquired-immunity doctrine.

D. **Plaintiff's fraud and illegal exaction claims fail as a matter of law.**

Plaintiff does not address the Arkansas Supreme Court's decision in *Bowerman v. Takeda Pharm. U.S.A.*, 2014 Ark. 388, 442 S.W.3d 839. There is no evidence of any "facts showing that monies generated from tax dollars or arising from taxation are being misapplied or illegally spent." *Bowerman v. Takeda Pharm. U.S.A.*, 2014 Ark. 388, at 5-

7

6, 442 S.W.3d 839, 843 (citing *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377). Plaintiff's illegal exaction claim fails as a matter of law because the ADC's expenditure on CVSA equipment is authorized by Arkansas law. *See id.*

Plaintiff does not dispute that the use of CVSA equipment is authorized and regulated by state statute, state regulations, and administrative directives of ADC. The CVSA equipment at issue was used in connection with a formal ADC investigation pursuant to state law. (SUMF ¶ 11-14). There is no evidence any illegal, misapplied, or arbitrary expenditure by the ADC or the state, and Ms. Fletcher concedes there is no evidence of any false statement by any defendant in this matter.

E. **There is no evidence of defamation by Defendants.**

Plaintiff has presented no admissible evidence to support her defamation claim, which is premised on the results of the two CVSA tests administered during the ADC investigation. There is no evidence of statements of fact or the defamatory nature of the "statements" by Defendants. Subjective interpretation of objective data cannot support a defamation claim. *See Aviation Charter, Inc. v. Aviation Research Grp./US*, 416 F.3d 864, 871 (8th Cir. 2005); *McClure v. Am. Family Mut. Ins. Co.*, 223 F.3d 845, 853 (8th Cir. 2000). Plaintiff merely restates her allegations in an effort to bolster her claim. Plaintiff cannot satisfy the elements of Arkansas defamation law.

Plaintiff contends Gene Shook participated in analyzing the CVSA results, which Plaintiff asserts satisfies the fault requirement under Arkansas defamation law. Plaintiff does not dispute that the CVSA examination was ordered and conducted by ADC personnel in connection with a formal ADC investigation. (Doc 18, SUMF ¶ 11-14). It is undisputed that the CVSA equipment was in the possession and control of ADC, not Defendants, and there is no evidence that Defendants commenced or undertook to

examine Plaintiff. The CVSA results were generated by Donna Best at the direction of Warden Aundrea Culclager and other state personnel in connection with the investigation, which Plaintiff does not and cannot dispute.

There is also no evidence of the falsity of the data generated by the CVSA equipment—Plaintiff attacks the subsequent interpretation of the results by ADC personnel. There is no evidence of a defamation claim under Arkansas law, and Defendants are entitled to summary judgment on Plaintiff's defamation claim. Alternatively, Plaintiff presents no evidence to sustain a claim for false light, which requires evidence of conduct that would be highly offensive to a reasonable person and that Defendants knew, or acted in reckless disregard of, the falsity of the publicized matter and the false light in which the plaintiff would be placed. Dismissal is warranted on both grounds.

> **F.     Plaintiff has presented no evidence of negligence on the part of Defendants.**

The CVSA is an investigative tool, which is not to be used as the final determinant. (Doc. 18, SUMF ¶¶9-10). There is no evidence that Defendants knew or should have known the subject CVSA equipment was defective or presented any risk of harm or that Defendant failed to do something that a reasonable person would do under similar circumstances. *See Serv. Commc'ns, Inc. v. Wells*, 279 Ark. 378, 381, 651 S.W.2d 100, 101 (1983). Likewise, there is no evidence that Mr. Shook breached any applicable standard of care. Plaintiff relies on speculation, conjecture, and conclusory statements in an effort to defeat the present motion. Plaintiff fails to even identify a legal duty or otherwise present evidence of breach, cause, or damages stemming from the CVSA. "The issue of what duty is owed by one party to another is always a question of law and

never one for the jury." *Capel v. Allstate Ins. Co.*, 78 Ark. App. 27, 40-41, 77 S.W.3d 533, 542 (2002) (citing *Heigle v. Miller*, 332 Ark. 315, 965 S.W.2d 116 (1998)). "When no duty of care is owed, a negligence cause of action is decided as a matter of law and an award of summary judgment is proper." *Id*. Her negligence claim must be dismissed.

### G. Plaintiff's ADTPA claim fails as a matter of law.

Plaintiff responds that her illegal exaction and ADTPA are intertwined, and both claims fail for the same reasons. There is no evidence that Defendants knowingly engaged in any conduct in an effort to deceive Plaintiff or the State of Arkansas into purchasing the subject CVSA. *Boshears, et al. v. Certainteed Corporation*, 2007 U.S. Dist. LEXIS 34338, at 14-15 (E. D. Ark. 2007) (citing Ark. Code Ann §§ 4-88-101 – 115, 4-88-107(a), 4-88-113(f), 4-88-107(a)(1) and 4-88-107(a)(10)). Plaintiff also contends the ADTPA's safe-harbor provision does not apply because Plaintiff now claims her cause of action is based on the "sale of a device that Defendant falsely claims to work, when it does not." (Doc. 19, p. 9 ¶ 29). Plaintiff did not purchase the CVSA equipment from Defendants. (See Doc. 18, SUMF ¶¶ 9-10).

Plaintiff cannot dispute that the use of CVSA equipment is authorized and regulated by the Arkansas General Assembly, Ark. Code Ann. § 17-39-301, et seq.; the Division of Arkansas State Police, 130-00-015 Ark. Code R. §§ 1–12 (2020); and the Arkansas Board of Corrections, 004-00-001 Ark. Code R. § 014(IV)(B) ("The Internal Affairs Division, or its successor, shall utilize various investigative procedures and tools to conduct and assist in those investigations. Those tools may include, but are not limited to polygraph examinations, and computerized voice stress analysis."). The use of CVSA equipment is authorized and regulated under Arkansas law. *See, e.g.*, Ark. Code Ann. § 17-39-308. Plaintiff's ADTPA squarely falls into the safe-harbor provisions.

### H.    Gene Shook is entitled to summary judgment in his individual capacity.

Plaintiff does not present any separate or additional evidence in connection with her claims against Gene Shook in his individual capacity. Plaintiff's response consists only of a reference to her Rule 56(d) motion, which, as discussed above, should be denied. There is no evidence essential to Plaintiff's claims against Gene Shook that Plaintiff has specifically identified. Accordingly, all claims against Gene Shook must be dismissed.

### IV. Conclusion

There are no genuine issues of material fact, and summary judgment in favor of Defendants is proper. Accordingly, the present motion should be granted in full.

WHEREFORE, NITV Federal Services, LLC, and Gene Shook, respectfully request that their Motion for Summary Judgment be granted and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

James D. Robertson, Arkansas BIN 95181
jrobertson@barberlawfirm.com
Adam D. Franks, Arkansas BIN 2016124
afranks@barberlawfirm.com
**BARBER LAW FIRM PLLC**
*Attorneys for NITV Federal Services, LLC and Gene Shook*
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
(501) 372-6175/(501) 375-2802 (Fax)